James P. Eaton, Petitioner v. Commonwealth of Pennsylvania, Department of State, Bureau of Elections, Commissions and Legislation, Respondent.

Argued December 7, 1979, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*James Victor Voss,* with him *Thomas A. Berret,* of *Meyer, Unkovic & Scott,* for petitioner.

*David F. Phifer,* General Counsel, with him *Velma Boozer,* Assistant Attorney General, *R. Darryl Gilchrist,* Assistant Attorney General, and *Edward L. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 14, 1980:

The narrow question presented in this appeal from an order entered by the Secretary of the Commonwealth revoking the notary commission of the petitioner is whether the Commissioner of the Bureau of Elections, Commissions and Legislation abused his discretion in refusing petitioner a continuance the day before the scheduled administrative hearing on a complaint against petitioner's actions as a notary. The hearing had been continued once at the request of each party. Petitioner's attorney was notified by letter from the Commissioner on November 1, 1978 when a hearing previously scheduled for November 3, 1978 was continued at petitioner's request and rescheduled for November 17, 1978, that no further continuances could be granted. Petitioner's attorney had previously advised the Commissioner when he requested the continuance of the November 3, 1978 hearing that he could not attend a hearing prior to December 15, 1978.

On the afternoon of November 16, 1978, petitioner's attorney learned that his father-in-law was critically ill and, in fact, was dying. Petitioner's attorney's wife was on a trip with their daughter "doing

478

the college tour.'' Petitioner's attorney called the Commissioner's office, advised them of the situation, and requested a continuance. It was refused.

The next day the hearing was held as previously scheduled. The Department of State was represented and the complainant appeared to testify but did not have counsel. Neither petitioner nor his attorney appeared. The Commissioner found that there was good cause to revoke petitioner's notary commission. This was done by the Secretary of the Commonwealth by Order dated January 22, 1979. This appeal was timely filed. We must reverse and remand.

We are entirely sympathetic with respondent's position. The telephone request on the afternoon before the scheduled hearing, based on all the facts known to the Commissioner was very suspicious. However, as it turns out, it was entirely honest. From the position ably presented by counsel for respondent it is clear that the Commissioner not only did not have confidence in the basis for the request for the continuance, he did not understand why petitioner's attorney did not have another member of his firm appear. It did not seem to be a complicated case. On the other hand, however, other than the proper desire to dispose of complaints promptly, there does not appear to be any great inconvenience suffered by anyone by the grant of a continuance. A board had not been convened nor had witnesses been assembled. Only one witness appeared, the complainant, and although it is not clear in the record it would seem he worked in Harrisburg for the Commonwealth.

We are not unmindful of the wide latitude which adjudicatory bodies must have to deny or grant continuances. No good purpose would be served by here collecting and discussing the many cases pro and con. Suffice it to say that under all the facts in this case, the court feels justice requires that the Secretary of

the Commonwealth's order be set aside and the matter be remanded for another hearing.

Accordingly, we will enter the following

### ORDER

AND Now, January 14, 1980, the order of the Secretary of the Commonwealth, dated January 22, 1979, is set aside and the record is remanded to the Secretary of the Commonwealth to hold another hearing and readjudicate the matter.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.